UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHEQUITA MCGOWAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4277** |
| **STATE FARM FIRE AND CASUALTY COMPANY et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendants State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company's (collectively "Movants") Motion to Dismiss for Failure to State a Claim.[1] Movants argue that they did not issue Plaintiff Chequita McGowan's ("Plaintiff") insurance policy and should be dismissed as defendants in this case.[2]

This litigation arises out of property damage caused by Hurricane Ida on August 29, 2021 and Hurricane Zeta on October 28, 2020.[3] Plaintiff filed a Complaint in this Court on October 27, 2022, against Defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company to recover damages to her property at 196 Chantilly Loop, Pearl River, Louisiana 70452.[4] Plaintiff alleges that she "was insured against property damage by a policy of insurance issued and maintained by Defendant

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 23-1 at 1–2.

[3] Rec. Doc. 1 at 4; Rec Doc. 23-1 at 1.

[4] Rec. Doc. 1 at 1–2.

1

bearing policy number 18bby1867."[5] On July 27, 2023, Movants filed the instant Motion to Dismiss, arguing that since Plaintiff has not alleged the existence of an insurance policy between her and them, Plaintiff's claims against them must be dismissed.[6]

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[7] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[9]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[10] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[11] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[12]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal

---

[5] *Id.* at 1.

[6] Rec. Doc. 23-1 at 2–4.

[7] Fed. R. Civ. P. 12(b)(6).

[8] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[10] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[11] *Iqbal*, 556 U.S. at 678.

[12] *Id.*

conclusions as true.[13] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[14] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[15] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[16]

The Court finds that Plaintiff fails to state a claim against Movants as the insurance policy she references in the Complaint does not identify Movants as the insurers.[17] The policy was issued by State Farm Fire and Casualty Company, another named defendant in this matter who did not join the instant motion. In addition, Plaintiff did not file a response opposing the instant motion or raise any argument as to why Movants should not be dismissed.[18]

Accordingly,

---

[13] *Id.* at 677–78.

[14] *Id.* at 679.

[15] *Id.* at 678.

[16] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[17] Rec. Doc. 1; Rec. Doc. 23-2.

[18] Movants filed the motion on July 27, 2023, and they set it for submission on September 20, 2023. Pursuant to Local Rule 7.5, any opposition to the motion was due on September 12, 2023.

**IT IS HEREBY ORDERED** that Movants' Motion to Dismiss for Failure to State a Claim[19] is **GRANTED**. Plaintiff Chequita McGowan's claims against Defendants State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 20th day of September, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[19] Rec. Doc. 23.